| 34 | 181 |
| 132 | 353 |

SCHUSTER v. MARDEN *et al.*

1. Promissory note: ASSIGNMENT AFTER DUE: DEFENSE. A party purchasing a promissory note, after maturity, takes it subject to any and all defenses which could have been urged against it in the hands of the payee.

2. —— RULE APPLIED. Where, after the maturity of a note, the payee drew an order on the maker without any express understanding that the same, when accepted, should be regarded as a payment upon the note, and the note was, before payment of the acceptance, sold and transferred to a third party, it was *held,* that the maker was entitled to be credited with the amount of the outstanding acceptance.

*Appeal from Page Circuit Court.*

THURSDAY, APRIL 18.

ACTION upon a promissory note. Trial to the court without a jury. Judgment for plaintiff. Defendant

appeals. The facts involved in the points ruled by the court appear in the opinion.

*Morledge & McPherrin* for the appellants.

*Moore & Morseman* for the appellee.

BECK, Ch. J. — The note, which is the foundation of this action, is negotiable in form, and was indorsed by the payee to plaintiff, after maturity. The defendants, as a partial defense, set up a payment made by them of $85 to the payee before the transfer of the note to plaintiffs. The facts upon which this defense is based are these : After the maturity of the note, and before it came into the hands of plaintiff, defendants made a payment thereon of $1,228 (the note calling for the sum of $2,000), which was indorsed by the payee upon the paper. This credit consisted of sundry cash payments before made. On the same day, the payee of the note drew an order upon the makers (defendants) for the sum of $85, payable to one Ginthen, which was, on that day, accepted by defendants. This order was not negotiable. It was paid by defendants, but the term of payment is not shown. There was no agreement or express understanding between the parties that the amount of this order was to be considered a payment upon the note. The defendants, however, when they accepted the order, supposed it to be a payment.

Upon these facts, the circuit court rendered judgment against defendants for the amount of the note, less the credits indorsed, without allowing as payment the amount of the order. We are required to determine whether this decision of the court below is correct.

The evidence does not show that the order accepted by defendants was paid at the time of the transfer of the note. It cannot be presumed that such is the fact. Being drawn without a day named for its payment, it was

payable upon presentation or demand. It was not paid upon presentation as clearly appears from the fact that defendants indorsed their acceptance thereon. As it was not paid upon presentation, there arises no presumption that it was paid before the transfer of the note, but it will rather be presumed that it remained unsatisfied. The case, then, is that of the maker of a note becoming bound by his acceptance of another instrument for a part of the debt, of which the first note is evidence. Before the payment of the acceptance, which is held by the payee thereof, and not by the original creditor, the note is transferred after its maturity. Is the acceptance to be regarded as payment? In this case, if, at the time of the execution of the acceptance, it was agreed between the parties that it should operate as payment, the law would so regard it. In the absence of such agreement, the second paper will be regarded as conditional payment of the first, that is, to operate as payment if it be paid itself. It is *prima facie* evidence of satisfaction *pro tanto* of the original note. The party (other than the payee) holding that instrument, before he will be entitled to recover upon it, must account for the substituted paper by producing it in court, giving it up to the maker, or by cancelling it. If it has been transferred by the creditor and is outstanding in the hands of a third person, recovery cannot be had on the original instrument. See authorities cited in notes to Story on Prom. Notes, §§ 104, 105, 404, 405, and 2 Pars. on Notes and Bills, 150, 151, *et seq*.

In the case before us, the substituted paper is outstanding and unaccounted for ; and, therefore, must be regarded as payment upon the note sued upon. It will, of course, be remembered that the note in suit, being transferred after maturity, is subject to the equities existing between the original parties, and that payment to the original creditor may be set up against the present holder. The circuit court should have allowed as a payment the amount

of the order accepted by plaintiffs. The cause will be remanded for judgment to be rendered in that court, not inconsistent with this opinion. If the plaintiff so elects, he may have judgment in this court for the amount of the judgment rendered by the circuit court, less $85, the amount of defendant's acceptance, proper estimates being made and allowed for interest thereon.

Reversed.